UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CAN'T LIVE WITHOUT IT, LLC D/B/A S'WELL BOTTLE,

                Plaintiff,

                v.                      Case No.:  1:17-cv-03506 (JSR)

ETS EXPRESS, INC.,

                Defendant.
---------------------------------------------------------------x
ETS EXPRESS, INC.

                Counterclaim Plaintiff,

                v.

CAN'T LIVE WITHOUT IT, LLC D/B/A S'WELL BOTTLE,

                Counterclaim Defendant.
---------------------------------------------------------------x

## DEFENDANT ETS EXPRESS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, DEMAND FOR JURY TRIAL

Defendant ETS Express, Inc. ("ETS") files the following Answer, Affirmative Defenses, and Counterclaims in response to the Complaint (ECF No. 1) filed by plaintiff Can't Live Without It, LLC ("S'well").

1.      ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that ground denies the same.

2.      ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that ground denies the same.

3.      ETS denies the allegations in paragraph 3 of the Complaint.

4.      ETS denies the allegations in paragraph 4 of the Complaint.

5. ETS admits that the Complaint alleges causes of action for trade dress infringement, false designation of origin, and unfair competition under certain federal statutes, trade dress infringement and violations of the deceptive acts and practices statute under state law, and unfair competition. Except as expressly admitted herein, ETS denies the allegations in paragraph 5 of the Complaint.

6. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that ground denies the same.

7. ETS admits that it is a corporation, formed and existing under the laws of the State of California, and has a principal place of business at 420 South Lombard St., Oxnard, California 93030. ETS admits that it also has a facility at 7055 Northwinds Dr. NW, Concord, North Carolina 28027.

8. ETS admits that the Court has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b), but denies the remaining allegations in paragraph 8 of the Complaint.

9. ETS admits that this Court has personal jurisdiction over ETS, but denies the remaining allegations in paragraph 9 of the Complaint.

10. ETS denies the allegations in paragraph 10 of the Complaint.

11. ETS denies the allegations in paragraph 11 of the Complaint.

12. ETS admits that venue is proper in this district.

13. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that ground denies the same.

14. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that ground denies the same.

15. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that ground denies the same.

16. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and on that ground denies the same.

17. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and on that ground denies the same.

18. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and on that ground denies the same.

19. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and on that ground denies the same.

20. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and on that ground denies the same.

21. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and on that ground denies the same.

22. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and on that ground denies the same.

23. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and on that ground denies the same.

24. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and on that ground denies the same.

25. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that ground denies the same.

26. ETS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and on that ground denies the same.

27. ETS admits that the registration numbers in paragraph 27 of the Complaint correspond to the respective alleged marks and dates of registration, but ETS denies the remaining allegations in paragraph 27 of the Complaint.

28. ETS admits that Exhibit A to the Complaint appears to show true and correct copies of Registration Certificates, Nos. 5,118,514 and 4,366,422, but ETS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegation in paragraph 28 of the Complaint and on that ground denies same.

29. ETS denies the allegations in paragraph 29 of the Complaint.

30. ETS denies the allegations in paragraph 30 of the Complaint.

31. ETS denies the allegations in paragraph 31 of the Complaint.

32. ETS denies the allegations in paragraph 32 of the Complaint.

33. ETS denies the allegations in paragraph 33 of the Complaint.

34. ETS denies the allegations in paragraph 34 of the Complaint.

35. ETS denies the allegations in paragraph 35 of the Complaint.

36. ETS denies the allegations in paragraph 36 of the Complaint.

37. ETS denies the allegations in paragraph 37 of the Complaint.

38. ETS denies the allegations in paragraph 38 of the Complaint.

39. ETS denies the allegations in paragraph 39 of the Complaint.

40. ETS denies the allegations in paragraph 40 of the Complaint.

41. ETS denies the allegations in paragraph 41 of the Complaint.

42. ETS denies the allegations in paragraph 42 of the Complaint.

43. ETS denies the allegations in paragraph 43 of the Complaint.

44. ETS denies the allegations in paragraph 44 of the Complaint.

45. ETS admits that a lawyer for S'well sent a letter dated December 1, 2014 to counsel for ETS alleging, among other things, that ETS was selling bottles that infringe alleged trade dress embodied in the S'well bottle. ETS denies the remaining allegations in paragraph 45 of the Complaint.

46. ETS denies the allegations in paragraph 46 of the Complaint.

47. ETS denies the allegations in paragraph 47 of the Complaint.

48. ETS denies the allegations in paragraph 48 of the Complaint.

49. ETS denies the allegations in paragraph 49 of the Complaint.

50. ETS denies the allegations in paragraph 50 of the Complaint.

## FIRST CAUSE OF ACTION

51. ETS incorporates by reference its statements in paragraphs 1 through 50 above.

52. ETS denies the allegations in paragraph 52 of the Complaint.

53. ETS denies the allegations in paragraph 53 of the Complaint.

54. ETS denies the allegations in paragraph 54 of the Complaint.

55. ETS denies the allegations in paragraph 55 of the Complaint.

56. ETS denies the allegations in paragraph 56 of the Complaint.

57. ETS denies the allegations in paragraph 57 of the Complaint.

58. ETS denies the allegations in paragraph 58 of the Complaint.

59. ETS denies the allegations in paragraph 59 of the Complaint.

60. ETS denies the allegations in paragraph 60 of the Complaint.

## SECOND CAUSE OF ACTION

61. ETS incorporates by reference its statements in paragraphs 1 through 60 above.

62. ETS denies the allegations in paragraph 62 of the Complaint.

63. ETS denies the allegations in paragraph 63 of the Complaint.

64. ETS denies the allegations in paragraph 64 of the Complaint.

65. ETS denies the allegations in paragraph 65 of the Complaint.

66. ETS denies the allegations in paragraph 66 of the Complaint.

67. ETS denies the allegations in paragraph 67 of the Complaint.

68. ETS denies the allegations in paragraph 68 of the Complaint.

69. ETS denies the allegations in paragraph 69 of the Complaint.

70. ETS denies the allegations in paragraph 70 of the Complaint.

71. ETS denies the allegations in paragraph 71 of the Complaint.

### THIRD CAUSE OF ACTION

72. ETS incorporates by reference its statements in paragraphs 1 through 71 above.

73. ETS denies the allegations in paragraph 73 of the Complaint.

### FOURTH CAUSE OF ACTION

74. ETS incorporates by reference its statements in paragraphs 1 through 73 above.

75. ETS denies the allegations in paragraph 75 of the Complaint.

76. ETS denies the allegations in paragraph 76 of the Complaint.

77. ETS denies the allegations in paragraph 77 of the Complaint.

### FIFTH CAUSE OF ACTION

78. ETS incorporates by reference its statements in paragraphs 1 through 77 above.

79. ETS denies the allegations in paragraph 79 of the Complaint.

80. ETS denies the allegations in paragraph 80 of the Complaint.

81. ETS denies the allegations in paragraph 81 of the Complaint.

82. ETS denies the allegations in paragraph 82 of the Complaint.

83. ETS denies the allegations in paragraph 83 of the Complaint.

## SIXTH CAUSE OF ACTION

84. ETS incorporates by reference its statements in paragraphs 1 through 83 above.

85. ETS denies the allegations in paragraph 85 of the Complaint.

86. ETS denies the allegations in paragraph 86 of the Complaint.

87. ETS denies the allegations in paragraph 87 of the Complaint.

88. ETS denies the allegations in paragraph 88 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

89. The Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

90. S'well's claims are barred in whole or in part by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

91. S'well's claims are barred in whole or in part by the doctrine of acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

92. S'well's claims are barred in whole or in part by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

93. S'well's claims are barred in whole or in part by the doctrine of license.

## SIXTH AFFIRMATIVE DEFENSE

94. S'well's claims are barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

95. S'well's claims are barred in whole or in part by the doctrine of abandonment.

## EIGHTH AFFIRMATIVE DEFENSE

96. S'well's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

97. S'well's claims are barred in whole or in part by the doctrine of functionality.

## TENTH AFFIRMATIVE DEFENSE

98. S'well's claims are barred in whole or in part by the doctrine of genericness.

## ELEVENTH AFFIRMATIVE DEFENSE

99. S'well's claims are barred in whole or in part on the ground that S'well's alleged trade dress has not acquired distinctiveness.

## TWELFTH AFFIRMATIVE DEFENSE

100. S'well's claims are barred in whole or in part on the ground of no likelihood of confusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

101. S'well's claims are barred in whole or in part by prior use of S'well's alleged trade dress by others.

## FOURTEENTH AFFIRMATIVE DEFENSE

102. S'well's claims are barred in whole or in part by the doctrine of fair use.

## FIFTEENTH AFFIRMATIVE DEFENSE

103. S'well's claims are barred in whole or in part on the ground that any use by ETS of S'well's alleged trade dress is not use as a trademark.

## SIXTEENTH AFFIRMATIVE DEFENSE

104. S'well's claims are barred in whole or in part by applicable statutes of limitation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

105.   S'well did not suffer any damages and, to the extent it did, it failed to mitigate damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

106.   S'well's claims are barred in whole or in part on the ground that Reg. No. 4,366,422 is invalid.

**NINETEENTH AFFIRMATIVE DEFENSE**

107.   S'well's claims are barred in whole or in part on the ground that Reg. No. 5,118,514 is invalid.

**TWENTIETH AFFIRMATIVE DEFENSE**

108.   S'well's claims are barred in whole or in part on the ground that ETS's accused infringing bottle entered the market prior to the time, if any, when S'well's alleged trade dress acquired distinctiveness.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

109.   S'well's claims are barred in whole or in part by fraud, inequitable conduct, and/or fraud on the United States Patent and Trademark Office as follows:  S'well's registration on the Principal Register, Reg. No. 5,118,514, was obtained based on a declaration under penalty of perjury of S'well's Chief Executive Officer, Sarah Kauss, who asserted in part that for the five-year period from May 18, 2011 through May 18, 2016, S'well's use of its alleged trade dress embodied in its S'well bottle was "substantially exclusive."  However, in December 2014, S'well notified ETS that ETS was allegedly infringing the alleged S'well trade dress by selling bottles that use and embody the alleged S'well trade dress.  Ex. 1.  In addition, on information and belief, during this five-year period, Ms. Kauss became aware of numerous third parties who

were selling bottles that use and embody the S'well alleged trade dress. Nevertheless, Ms. Kauss intentionally and willfully signed the above-referenced declaration, knowing it to be false insofar as it asserted that S'well's use was "substantially exclusive" during this five-year period in order to obtain registration for the alleged S'well trade dress. But for that false declaration, S'well would not have been able to obtain Reg. No. 5,118,514.

## COUNTERCLAIMS

1.	Defendant and Counterclaim Plaintiff ETS Express, Inc. ("ETS") counterclaims against Plaintiff and Counterclaim Defendant Can't Live Without It, LLC ("S'well") as follows:

### PARTIES

2.	ETS is a California corporation and has a principal place of business at 420 South Lombard St., Oxnard, California 93030.

3.	Upon information belief, S'well is a Delaware limited liability company and has a principal place of business at 28 West 23rd Street, Floor 5 New York, New York 10010.

### JURISDICTION AND VENUE

4.	This Court has jurisdiction of the subject matter of these counterclaims under the trademark laws of the United States, 15 U.S.C. §1051, et seq., and in particular §§1119 and 1121(a), the Judicial Code, 28 U.S.C. §§1331, 1338(a), and 1367(a) and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

5.	This Court has personal jurisdiction over S'well because S'well resides in this district, has its principal place of business in this judicial district, and does regular business in this judicial district. This Court further has personal jurisdiction over S'well based on the fact that S'well filed its instant action in this judicial district.

6.      Venue in this Court is proper under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and omissions giving rise to the counterclaims herein arose in this judicial district.  Venue is also proper in this judicial district because S'well has consented to this venue by filing the instant action in this judicial district.

## BACKGROUND

7.      Bottles having an overall appearance like that of the S'well bottle have been on the market in the U.S. since long before S'well's alleged first use in December of 2010 and long before the alleged first use of S'well's alleged predecessor in 2009.

8.      Throughout S'well's presence in the U.S. market, numerous other entities have also had presence in the U.S. market with bottles that embody the same overall appearance of the S'well bottle.  These other entities have prevented any one entity, including S'well, from acquiring distinctiveness or single-source association in the bottles that they sell.  Confusion in the marketplace has been avoided since these entities conspicuously identify themselves and their respective bottles.  S'well itself conspicuously labels its bottles to distinguish them from other bottles that embody the same overall appearance.

9.      ETS began selling one such bottle in 2014.  In December 2014, a S'well lawyer sent a letter to ETS in which it accused ETS of infringing S'well's alleged trade dress in its S'well bottle. Exhibit 1.  ETS responded to the letter and as a precaution against litigation in a distant venue, filed a declaratory judgment action of non-infringement. Exhibit 2.  S'well never followed up on its December 2014 letter and S'well never otherwise communicated with ETS after that December 2014 letter.  Instead, S'well filed its Complaint in this action two and one half years later.  ETS has relied on S'well's inaction to expand its marketing efforts and has

made substantial expenditures to promote its accused products, thereby acquiring substantial intervening rights.

10. S'well was not able to acquire distinctiveness for its S'well bottle prior to the time that ETS entered the market in 2014.

## FIRST COUNTERCLAIM

### Cancellation of Registrations, Reg. Nos. 4,366,422 and 5,118,514, 15 U.S.C. §1119

11. ETS incorporates by reference paragraphs 1 through 10 immediately above.

12. S'well asserts that the product configuration embodied in the overall shape of the combined bottle and cap of its S'well bottle, as shown in its trade dress Reg. Nos. 4,366,422 and 5,118,514, has acquired distinctiveness.

13. The use by ETS since 2014 of bottles that embody substantially the same bottle and cap configuration as that of the S'well bottle precludes a finding that the S'well bottle is distinctive. The use by numerous others of substantially the same bottle configuration also precludes a finding that the S'well bottle acquired distinctiveness.

14. The bottle and cap configuration covered by Reg. Nos. 4,366,422 and 5,118,514 is generic and incapable of source identification because it is similar to bottle and cap configurations that have been used for decades.

15. Given the prevalence of the metal bottle and cap configurations in the marketplace from various third-party sources since at least 2008, the bottle and cap configuration covered by Reg. Nos. 4,366,422 and 5,118,514 is generic and incapable of source identification and cannot qualify for trademark protection.

16. The bottle and cap configuration that is the subject of Reg. Nos. 4,366,422 and 5,118,514 is functional and incapable of receiving trademark protection. It is a bottle with a

common cylindrical base of a diameter sized to fit cup holders. At its top, it terminates in a cylinder with a much smaller diameter sized to fit into the mouth of a user. The logical and economical shape to connect these two cylinders would be a gradual taper starting approximately three fourths of the way from the base to the top.

17. In connection with Reg. No. 5,118,514, S'well submitted a Section 2(f) declaration to the USPTO on or around May 18, 2016. In this declaration, S'well represented under penalty of perjury that it was the exclusive owner of the bottle and cap configuration, and that it had been the "substantially exclusive" user of the bottle and cap configuration for five years before the date of alleged acquired distinctiveness.

18. On information and belief, S'well knew that third parties also used the bottle and cap configuration and that S'well was not the substantially exclusive owner or user of the bottle and cap configuration. As but one example, attorneys representing S'well sent ETS a cease and desist letter in 2014 evidencing S'well's awareness of ETS's bottle design. Exhibit 1. On information and belief, S'well's false representation was made with the intent to mislead the USPTO for the purposes of obtaining Reg. No. 5,118,514.

19. Also in connection with Reg. No. 5,118,514, S'well asserted in its declaration that it believes that no other persons have the right to use the mark in commerce, and that willful and false statements are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001. On information and belief, S'well was aware that the bottle and cap configuration was not distinctive because others, including ETS, had used and were using the bottle and cap configuration throughout the United States. S'well was therefore aware that those third parties had a right to use the bottle and cap configuration in commerce.

20. ETS is being and will continue to be damaged by S'well's continued registrations of its bottle and cap configuration, Reg. Nos. 4,366,422 and 5,118,514.

21. The configurations covered by Reg. Nos. 4,366,422 and 5,118,514 are not entitled to registration. An Order of this Court is warranted, on one or more of the grounds (lack of acquired distinctiveness, generic, functional, and inequitable conduct) set forth in this counterclaim and as authorized by 15 U.S.C. §1119, directing the Director of the United States Patent and Trademark Office to cancel both S'well registrations, Reg. Nos. 4,366,422 and 5,118,514.

## SECOND COUNTERCLAIM

### Declaratory Judgment of No Protectible Trade Dress

22. ETS incorporates by reference paragraphs 1 through 21 immediately above.

23. S'well asserts that it has acquired protectible trade dress as embodied in the product configuration of its S'well bottle and cap design which is shown in its trade dress Reg. Nos. 4,366,422 and 5,118,514.

24. ETS contends that S'well has not acquired any trade dress rights in the S'well bottle and cap configuration shown in S'well's trade dress Reg. Nos. 4,366,422 and 5,118,514.

25. A justiciable controversy exists as to whether S'well has established any trade dress rights in the S'well bottle and cap configuration shown in S'well's trade dress Reg. Nos. 4,366,422 and 5,118,514.

26. ETS seeks a declaration from this Court that S'well has not acquired any trade dress rights in the S'well bottle and cap configuration shown in S'well's trade dress Reg. Nos. 4,366,422 and 5,118,514.

## THIRD COUNTERCLAIM

### Declaratory Judgment of No Infringement

27. ETS incorporates by reference paragraphs 1 through 26 immediately above.

28. S'well asserts that ETS is infringing S'well's alleged trade dress embodied in the product configuration of its S'well bottle and cap design which is shown in S'well's trade dress Reg. Nos. 4,366,422 and 5,118,514.

29. ETS contends that it has not infringed any trade dress rights that may be held by S'well in the bottle and cap configuration shown in S'well's trade dress Reg. Nos. 4,366,422 and 5,118,514.

30. A justiciable controversy exists as to whether ETS has infringed any alleged trade dress rights held by S'well in the bottle and cap configuration shown in S'well's trade dress Reg. Nos. 4,366,422 and 5,118,514.

31. ETS seeks a declaration from this Court that ETS has not infringed any trade dress rights that may be held by S'well in S'well's bottle and cap configuration shown in its trade dress Reg. Nos. 4,366,422 and 5,118,514.

## REQUEST FOR RELIEF

WHEREFORE, ETS respectfully requests judgment in its favor and against S'well as follows:

1. Ordering that S'well's Complaint be dismissed with prejudice;

2. For an order directing the Director of the United States Patent and Trademark Office to cancel both S'well registrations, Reg. Nos. 4,366,422 and 5,118,514;

3. For a judgment declaring that S'well does not have any trade dress rights in its bottle and cap configuration shown in its trade dress Reg. Nos. 4,366,422 and 5,118,514;

4. For a judgment declaring that ETS has not infringed any trade dress rights that S'well may hold in S'well's bottle and cap configuration shown in S'well's trade dress Reg. Nos. 4,366,422 and 5,118,514;

5. For costs and attorneys' fees incurred by ETS in connection with this action;

6. Declaring that this is an "exceptional case" in ETS's favor within the meaning of the Lanham Act, entitling ETS to costs of suit and expenses incurred herein, including attorneys' fees; and

7. For such other and further relief as the Court may deem just and proper.


Dated: June 2, 2017                              S/Marvin H. Kleinberg
                                                 Marvin H. Kleinberg
                                                 Bradford E. Mattes
                                                 Michael W. Carwin
                                                 KLEINBERG & LERNER, LLP
                                                 1875 Century Park East, Suite 1150
                                                 Los Angeles, California 90067-2501
                                                 Telephone:  310- 557-1511
                                                 Facsimile:   310- 557-1540
                                                 *Attorneys for Plaintiff and Counterclaim Defendant ETS Express, Inc.*